IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO L.R., | Civil No. 1:26-cv-04814-MWJS |
| Petitioner, | ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | A# 213-543-175 |
| Respondents. | |

**<u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Reynaldo L.R.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

After Petitioner entered the United States on September 4, 2019, he was detained

by immigration authorities, issued a Notice to Appear, and released on his own

recognizance.  *Id.*; Dkt. No. 5-3.  While on release, Petitioner has been twice arrested by

local law enforcement.  Dkt. No. 5-4.  In December 2022, Petitioner was arrested by the

Orlando Police Department for misdemeanor domestic violence, but that charge was

"dropped/abandoned" by prosecutors a few weeks later.  And on December 3, 2025,

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was again arrested by Orlando police on an identical charge, which was similarly "dropped/abandoned" by prosecutors on December 19.  Dkt. No. 5-4, at pg. 6.  But on December 21, 2025, two days after the charges filed against Petitioner in connection with his most recent arrest were dropped or abandoned, he was re-detained by Immigration and Customs Enforcement (ICE).  Dkt. No. 1.  He has remained in immigration detention ever since.  During that detention, Petitioner was ordered removed by an immigration judge and timely appealed that order to the Board of Immigration Appeals, so the parties agree that Petitioner is not subject to mandatory post-removal detention pursuant to § 1231(a).  Dkt. No. 5, at pg. 2.

For a noncitizen detainee to be released from ICE custody, an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).  So when Respondents elected to release Petitioner from their custody in 2019, that decision "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk."  *Id*. (cleaned up).  And while the evidence underlying Petitioner's recent arrest might possibly justify his re-detention, he has never been given the procedural opportunity to challenge the government's position that it is.  Put differently, Petitioner has been provided no process through which to test whether the dropped or abandoned arrests should result in his loss of liberty.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without due process, violated his constitutional rights.  After reviewing the Petition, the court informed the parties of its intention to rule directly on the Petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May. 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); and *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026).  Dkt. No. 4.

In their response to the court's order to show cause, Respondents maintain that Petitioner's detention is lawful based on their interpretation of 8 U.S.C. § 1225(b), which they contend applies to Petitioner and requires his mandatory detention.  But this court and many others have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026).  Respondents also argue that this case is distinguishable from the cases mentioned in the court's order to show cause, because unlike the petitioners in those cases, "Petitioner here was taken into immigration

3

custody following a domestic violence arrest"—although Respondents concede that the

charge was "dropped/abandoned."  Dkt. No. 5, at pg. 4.  They contend that these facts

make this case more like "other cases from this Court, such as *Zenon A.C.F. v. Warden,*

*California City Detention Center*, No. 1:26-CV-02961-MWJS, 2026 WL 1257064 (E.D. Cal.

May 7, 2026) [and] *Jayner E.V.S. v. Warden, California City Detention Center*, No. 1:26-CV-

03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026)," in which the court ordered

Respondents to provide bond hearings at which the government would bear the burden

of proof by clear and convincing evidence.  *Id.*

But the liberty interest created by the government's "previous determination to

grant release" does not disappear simply because "Petitioner (1) had an encounter with

law enforcement; [and] (2) had a period of release terminated because of that law

enforcement encounter."  Dkt. No. 5, at pgs. 3-4.  Judges in this district and others have

rejected that argument by Respondents in many similar cases.  *See, e.g., Uriel P.T. v.*

*Warden of Golden State Annex Detention Facility*, No. 1:26-cv-04181-MWJS, 2026 WL

1614090 (E.D. Cal. June 4, 2026); *Vikrant S.*, 2026 WL 1235115.  And the court has

considered these precedents and concluded that they reached the correct result based

on the current state of Supreme Court and circuit precedent.

In short, Respondents have offered no other basis to distinguish this case other

than Petitioner's recent arrests—arrests that prosecutors dropped or abandoned before

immigration authorities ever chose to get involved.  And Respondents have offered no

4

persuasive explanation for why it would have been infeasible to provide Petitioner with pre-deprivation process before depriving him of his liberty interest based on those dropped or abandoned arrests.

Accordingly, given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED. Respondents are ORDERED to immediately release Petitioner Reynaldo L.R. (A# 213-543-175) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

And as this order makes clear, due process does not prevent the government from seeking to detain Petitioner lawfully. If the government believes Petitioner's September 2025 arrest (or any of the underlying circumstances) are sufficient to justify his detention, it may seek his detention by providing him with adequate pre-deprivation process, as set out above. The court is granting the petition solely because the government did not provide that process here.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  July 2, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04814-MWJS; *Reynaldo L.R. v. U.S. Department of Homeland Security*, et al.; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

6